■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WILLIAM COLLERAN, Respondent.— Appeal by the People from an order of the Supreme Court, Queens County, dated March 6, 1967, which, on defendant's motion and after a *Huntley* hearing, suppressed defendant's confession and dismissed the

indictment for manslaughter in the first degree that had been returned against him herein. Order affirmed, with leave to the People to resubmit the case to another Grand Jury. The motion to dismiss the indictment was properly granted, since the evidence adduced before the Grand Jury, absent the suppressed confession, is insufficient to sustain the indictment. However, this objection may be avoided in a new indictment. Christ, Brennan, Rabin and Kleinfeld, JJ., concur; Beldock, P. J., dissents and votes (1) to reverse the order, (2) to deny the motion to suppress the confession and dismiss the indictment, and (3) to reinstate the indictment, with the following memorandum: The relevant facts are fully set forth in the memorandum opinion of the Justice who conducted the pretrial hearing to determine the voluntariness of statements or confessions allegedly made by defendant. Briefly stated, it appears from the record that, in connection with a homicide investigation, defendant was brought to a police station shortly after 7:00 A.M. and, after being given the warnings required under *Miranda* v. *Arizona* (384 U. S. 436), was questioned as to his involvement in the crime being investigated. At about 1:25 P.M. that same day defendant's attorney, who had been advised by defendant's wife that defendant was being charged with homicide, called the police station and told a police officer that he represented defendant, and called again at about 1:40 P.M. and told another officer that he did not want defendant questioned. Shortly thereafter, defendant, who had been taken to the Police Academy to submit to a lie detector test, was told that he was not under arrest and was free to leave if he cared to do so. Defendant then asked permission to make a telephone call and was permitted to use a public telephone booth to make his call. After making the call, he returned to the police officer who was in charge of administering the lie detector test and told him that he wished to make a statement. Defendant then made a lengthy incriminating statement. In his memorandum opinion, the hearing Justice made an express finding that " defendant was not under custodial interrogation when he made the statement, at the Police Academy, he now seeks to suppress, though prior thereto he was under police custody." The Justice concluded, however, that unless there was a waiver by defendant of his right to counsel (which right he found not to have been intelligently and knowingly waived) any statement made by him after his attorney had advised the police that he was not to be questioned is not admissible in evidence. In my opinion, *People* v. *McKie* (25 N Y 2d 19, 28), decided subsequent to the decision here under review, clearly holds to the contrary. In *McKie,* the Court of Appeals stated: " defendant's Sixth Amendment right to counsel which protects the Fifth Amendment privilege against self-incrimination was not violated because the defendant was neither in custody nor physically deprived of his freedom in any significant manner. The fact that the police knew that the defendant was represented by counsel [who had previously advised the police not to question his client] is not significant, for no case has extended the constitutional right to counsel to a defendant who is neither in custody nor deprived of his freedom ". Further in *McKie,* the court expressly rejected the argument that *People* v. *Arthur* (22 N Y 2d 325) had laid down the rule that wherever a suspect is represented by counsel the police may not question him except in the presence of counsel. In view of the finding of the hearing Justice that defendant was not under " custodial interrogation " at the time he voluntarily made his incriminating statement, it is my opinion that the statement was admissible in evidence and should not have been suppressed.